[Civ. No. 1397.   First Appellate District.—March 26, 1915.]

## G. W. McCAMPBELL, Respondent, v. W. H. OBEAR, Appellant.

CONTRACTS—GUARANTY—PURCHASE OF CORPORATION STOCK—CONSTRUC-
TION OF CONTRACT.—Where a contract, executed by a purchaser of
stock of a corporation to be formed with the agent through whom
he purchased, provided that in consideration of the purchase, the
agent agreed to guarantee dividends upon the stock at a certain
rate to be paid at certain dates, and in default of payment, the
agent to pay the purchaser an amount equal to such dividends, and
to save the latter harmless from any loss or depreciation of the
market value of the stock below par, and if the purchaser desired
to sell, the agent to buy the stock at certain prices at certain times,
a provision in the contract that the agent reserved the right to
terminate all obligations of the guaranty by making a written offer
to buy the stock and tender a certain price per share, must be
held to mean that the agent reserved the right to terminate such
of the obligations as had not either been performed or insisted
upon by the purchaser either at the time provided for their per-
formance or at any later time before the exercise of the option,
and where the agent never exercised the option, it cannot be held
that the action upon the contract was prematurely brought.

ID.—CONSIDERATION—SUFFICIENCY OF EVIDENCE.—In such a case where
the question of the sufficiency of the consideration for the con-
tract rested wholly upon the construction of the evidence, which was
conflicting, a verdict for the plaintiff will not be disturbed on appeal.

APPEAL from an order of the Superior Court of the
City and County of San Francisco denying a new trial.  B.
V. Sargent, Judge presiding.

The facts are stated in the opinion of the court.

Archibald Barnard, for Appellant..

J. L. Fleming, and Costello & Costello, for Respondent.

RICHARDS, J.—This is an action brought to recover the
sum of eleven thousand five hundred dollars, alleged to have
become due to the plaintiff from the defendant in accord-
ance with the terms of a contract between them arising out
of a stock transaction.

The two chief witnesses upon the trial of the case were the
plaintiff and the defendant. The testimony of the plaintiff
tended to show the following to be the facts out of which the
contract in question arose: The plaintiff, who was a rancher
and vineyardist then living in Los Angeles County, met 'the
defendant, a real estate agent and promoter, in the city of
Los Angeles in the year 1907. He had been interested in
transactions with the defendant before, and upon this occasion
the latter sought to enlist his interest and co-operation in a
plan for the purchase, development, and sale of a tract of
land in San Mateo County. He asked the plaintiff to go in
with him, and assured him that he would double his money
in a short time and offered to give him a written guarantee
to that effect if he would put five thousand dollars into the
venture. In October, 1907, the plaintiff came to San Mateo
County and looked the land over, and upon so doing told the
defendant that he would go in with him, and then gave him
the sum of two thousand five hundred dollars on account of
the transaction, for which the defendant gave a receipt, in
which the organization of a stock company to handle the
project is referred to, and also in which the defendant offers
a guarantee that the stock of the plaintiff shall have a guar-
anteed dividend of ten per cent per annum, and a guaran-
teed value of two hundred dollars per share. A little later
the plaintiff paid an additional two thousand five hundred
dollars to the defendant and received another receipt refer-
ring to his former subscription. In the mean time the cor-
poration was in process of organization, with a capital stock
of five hundred and fifty thousand dollars, divided into
three thousand seven hundred and fifty shares of preferred
stock, and one thousand seven hundred and fifty shares of
common stock, each of the par value of one hundred dollars
per share. The plaintiff signed the subscription for stock in

this corporation to the amount of five thousand dollars and upon the completion of the organization of the corporation the San Mateo County property was bought. Early in January, 1908, the plaintiff visited the office of the defendant in Los Angeles and asked for the formal guarantee which he was to receive, whereupon the following document was executed and delivered to him:

"This memorandum of agreement witnesseth: This is to certify that said G. W. McCampbell has this day purchased through us as agents, fifty (50) shares of the preferred capital stock of the East San Mateo Land Company of the par value of five thousand dollars, the receipt whereof is hereby acknowledged.

"That for and in consideration of the purchase of said stock, through me as such agent, I hereby jointly and severally agree to and do hereby guarantee said G. W. McCampbell dividends upon said stock at the rate of eight (8) per cent per annum, to be paid on or before the following dates, to wit: April 29th, 1908; October 29th, 1908; April 29th, 1909, and October 29th, 1909, and in the default of the payment of any of such dividends at the rate above specified, I hereby agree to pay said G. W. McCampbell, at any of said times when there is a default in payment of such dividends, an amount equal to an eight per cent dividend upon said stock, said payment to be made upon demand.

"We also agree to save and hold said McCampbell harmless against any loss or depreciation in the market value of said stock below its par value. And should he desire to sell said stock on or before April 12th, 1908, we hereby agree upon demand to purchase the same for the sum of $5,000. And thereafter, should he retain said stock, and desire to sell the same, we hereby agree to purchase the same at any time upon demand prior to October 20th, 1908, for the sum of $10,000.

"This agreement and guarantee is subject, however, to the following conditions: that the undersigned reserve the right to terminate all their responsibility and all obligations under this guarantee upon written offer to buy said stock of said G. W. McCampbell and tendering to him the money therefor at the agreed price of $200 per share at any time on or before the expiration of two years from date hereof. And

should he not elect to accept such offer, this guarantee shall be at an end.

"Dated at Los Angeles, California, this 16th day of January, 1908.

"(signed)                    W. H. Obear."

The defendant's plans for the subdivision and sale of the property in question do not seem to have come to fruition according to his hopes; and in the month of October, 1908, the plaintiff demanded in writing the fulfillment of the defendant's aforesaid guarantee, which not being forthcoming after several months of delay and some correspondence between the parties, he commenced this action on April 30, 1909, to recover the sum of ten thousand dollars. He subsequently filed a supplemental complaint for the additional amount of one thousand five hundred dollars, alleged to have been paid in three assessments of five hundred dollars each upon his stock after the commencement of the action.

The defendant in his answer denied much of the preliminary negotiations prior to the giving of the alleged guarantee, but did not deny its execution and delivery to the plaintiff.

The verdict of the jury was in favor of the plaintiff upon all of the issues in the case, and judgment was rendered thereon for the full amount of his demand. This appeal is from the order denying defendant's motion for a new trial.

The first contention of the appellant is that this action was prematurely brought. This contention is based upon the construction which is placed by the appellant upon the concluding paragraph of the contract of guarantee above set forth, and which, according to appellant's insistence, postpones his liability upon all of the other obligations of his guarantee until a period later than the date of the inception of this action. We do not so construe this clause of the contract, for to do so would be to practically nullify the other provisions and conditions of the document, and thus violate the rule of construction that all parts of a writing are to be read together so that if possible all shall be given effect. When the concluding clause of the defendant's contract is so read and so construed we think that it must be held to intend that the only right which the defendant reserved by the terms of said concluding clause of his guarantee, was the right to terminate such of the obligations thereof as had not been either performed or insisted upon

by the plaintiff either at the time provided for their performance, or at any later time before the exercise on the part of the defendant of the option contained in the closing clause of his contract which, as the evidence shows, he never exercised. It follows that the action was not prematurely brought.

The next contention of the appellant is that the contract of guarantee was without consideration, and therefore void. The argument of appellant in support of this contention rests wholly upon his construction of the evidence in the case, his theory being that the testimony of the plaintiff as to the circumstances leading up to his investment of the sum of five thousand dollars in the venture and to the giving of the guarantee is not to be believed. We do not find in the record any such inconsistencies in the plaintiff's testimony as would have justified its rejection; and it is evident that the jury believed, and we think were justified in believing, the plaintiff's story. This being so, and the jury having resolved the conflicting evidence in the case in favor of the plaintiff, its verdict will not be disturbed.

As to the several objections urged by the appellant to certain rulings of the court during the course of the trial, and also to certain of the instructions given to the jury, we think that none of these has any sufficient merit to require individual consideration.

The order denying a new trial is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 23, 1915.